NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3199

MARY K. WILLIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Mary K. Willis, of Fort Worth, Texas, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3199

MARY K. WILLIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA844E070360-I-1.

_____

DECIDED: November 5, 2008

_____

Before RADER, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Mary K. Willis appeals the final decision of the Merit Systems Protection Board (Board). Willis v. Office of Pers. Mgmt., 108 M.S.P.R. 577 (M.S.P.B. 2008). The Board affirmed a decision of the Office of Personnel Management (OPM) denying Ms. Willis's application for disability retirement benefits under the Federal Employees Retirement System (FERS). Because we are barred from reviewing the Board's factual findings on disability, we affirm.

BACKGROUND

Ms. Willis was a Management Analyst at the Department of the Treasury, Bureau of Engraving and Printing in Fort Worth, Texas. Ms. Willis resigned from her position

and applied to OPM for FERS disability retirement benefits on June 24, 2005. In her application, Ms. Willis reported that she was disabled primarily because of a hyper-metabolic and hyper-reactive state, vertigo, immune deregulation, hypertension, reactive airway disease, autonomic nervous system dysfunction, and chemical sensitivity to solvent exposure. One of Ms. Willis's physicians, William H. Rhea, M.D., provided his medical opinion that Ms. Willis was completely disabled because of her conditions. In particular, Dr. Rhea indicated that Ms. Willis had sensitivities to numerous agents that she reported were present in her work environment.

OPM disallowed Ms. Willis's FERS disability retirement application on November 20, 2006. After reconsideration at Ms. Willis's request, OPM sustained its original decision on April 26, 2007. Ms. Willis then appealed to the Board. The administrative judge (AJ) affirmed OPM's reconsideration decision on September 5, 2007. <u>Willis v. Office of Pers. Mgmt.</u>, No. DA844E070360-I-1, 2008 M.S.P.B. LEXIS 1440 (M.S.P.B. Sept. 5, 2007).

The AJ found that Ms. Willis successfully established that she had the medical conditions she reported on her application for FERS disability retirement benefits and that Ms. Willis believed that she was entitled to disability retirement because of those conditions. Nonetheless, after an exhaustive analysis of the medical reports and records, subjective evidence, environmental reports, testimony of co-workers, and Ms. Willis's testimony, the AJ concluded that Ms. Willis failed to prove by a preponderance of the evidence that her medical conditions rendered her unable to perform useful and efficient service in her position.

Ms. Willis filed a petition for review of the initial decision, which was denied on March 14, 2008. <u>Willis</u>, 108 M.S.P.R. 577. Ms. Willis now timely appeals.

DISCUSSION

"While we have exclusive jurisdiction over appeals from a final decision of the MSPB under 28 U.S.C. § 1295(a)(9), the scope of review regarding OPM disability determinations is restricted." <u>Vanieken-Ryals v. Office of Pers. Mgmt.</u>, 508 F.3d 1034, 1038 (Fed. Cir. 2007). In FERS disability retirement benefits cases, we are precluded by 5 U.S.C. § 8461(d) "from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" <u>Anthony v. Office of Pers. Mgmt.</u>, 58 F.3d 620, 628 (Fed. Cir. 1995) (quoting <u>Lindahl v. Office of Pers. Mgmt.</u>, 470 U.S. 768, 791 (1985)).

An applicant for FERS disability retirement must establish by a preponderance of the evidence that: (1) the applicant completed at least 18 months of creditable civilian service; (2) while employed in a FERS position, the applicant became disabled because of a medical condition, resulting in deficient performance, conduct, or attendance, or if there is no such deficiency, the condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least one year from the date of the application for disability retirement; (4) accommodation of the disabling medical condition in the position held is unreasonable; and (5) the applicant has not declined an offer of reassignment to a vacant position. <u>See</u> 5 C.F.R. § 1201.56(a)(2); <u>id.</u> § 844.103(a).

Ms. Willis asserts that the Board incorrectly weighed the evidence and reached an incorrect result. "[W]e may only address the critical legal errors, if any, committed by the MSPB in reviewing OPM's decision." Vanieken-Ryals, 508 F.3d at 1038. Unlike in Vanieken-Ryals, the Board here did not ignore any evidence. Rather, the Board thoroughly considered all the evidence and made its conclusion in light of the totality of its findings.

We do not have authority to review the Board's factual findings. Although we are sympathetic to Ms. Willis's argument that she is unusually sensitive to certain chemical agents, Ms. Willis does not point out, and we cannot identify "any procedural, legal, or other fundamental error." Anthony, 58 F.3d at 626. Accordingly, the decision of the Board is affirmed.

COSTS

No costs.